UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff(s),            No. CR 08-0083 PJH

    v.                            **ORDER TO SHOW CAUSE**

IRMA CORONA,

    Defendant(s).
_____/

TO: Defendant Irma Corona and her counsel George Benetatos

By order filed on March 16, 2010, the court ruled on the pending motions to suppress evidence obtained from various wiretaps. In that order, the court further ordered all parties to appear for trial setting on March 24, 2010 at 1:30 p .m. Neither defendant nor her counsel appeared. Because other defense counsel had also failed to appear, the matter was continued to the following day and the Assistant United States Attorney was requested to contact Mr. Benetatos, which he did by phone and email. Nonetheless, no appearance was made by Mr. Benetatos or defendant Corona on March 25, 2010. Mr. Benetatos previously failed to appear for a hearing on the same motions to suppress on November 18, 2009. Defendant Corona, though attended that almost four hour hearing alone, without counsel.

It is unclear to the court whether Mr. Benetatos is retained or appointed counsel. The docket reflects that he is CJA appointed, although the substitution of him for former counsel Mr. Lew, does not so reflect. Mr. Benetatos' *repeated* failure to make court ordered appearances on behalf of his client is unacceptable conduct for court-appointed counsel. Additionally, the docket reflects the identical mail and email addresses and phone

number for Mr. Benetatos that he provided to the court in the substitution of counsel approved on December 20, 2008. Thus, the court presumes that he received the same notice that all other counsel received.

More importantly, however, Mr. Benetatos' failure to retrieve or read electronically filed orders from the court jeopardizes his client's liberty. He is expected to notify his client of necessary court appearances, as the court does not communicate directly with represented defendants. It is one thing for a criminal defense attorney to miss court appearances, but it is quite another matter for a criminal defendant facing serious felony charges to miss her court appearances. The risk is obviously the revocation of her bond. Because defendant Corona has already demonstrated that she is more reliable than her counsel, the court would elect to revoke Mr. Benetatos' CJA appointment before revoking her bond.

Accordingly, Mr. Benetatos shall appear before the court to show cause why his appointment should not be revoked (if he is indeed appointed counsel) or why monetary sanctions should not be imposed (if he is retained counsel). The hearing on the order to show cause will be held on April 7, 2010 at 2:30 p.m. Ms. Corona must also appear for this hearing. The court will send a copy of this order to the address that she has provided on her appearance bond.

**IT IS SO ORDERED.**

Dated: March 26, 2010

PHYLLIS J. HAMILTON
United States District Judge

2